the right either to call upon the municipal commission for an eligible list, or to call for an examination of an employé of the department for the purpose of making a transfer under rule 67. The fire commissioner could have been compelled by mandamus to make a permanent appointment, and to that end he could have been directed to perform his duty of either making an application for a transfer under rule 67, or for an eligible list from which to make the appointment. Had the prayer for relief been limited to these things, or had the relator requested the court to amend the alternative writ, a peremptory writ might have been issued. If this had been done, it would have been the duty of the commissioner to have certified the relator to the fire commissioner for appointment. He would then have been regularly before the commissioner, and entitled to have his qualifications and his right to preference properly considered, under the law. But inasmuch as he was not entitled to the office as a matter of right, regardless of fitness, it must be presumed that the fire commissioner has acted in good faith in proceeding under rule 67, terminating the vacancy by the appointment of Moore.

In our opinion, therefore, the learned trial judge properly dismissed the writ, and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. INGRAHAM, J., concurs in result.

---

(63 App. Div. 187.)

### KAY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

EVIDENCE—STIPULATION—READING FROM RECORD—GENERAL OBJECTION.
    Where the parties had stipulated that testimony given at a former trial might be read in evidence from the record, a general objection to the reading of inherently admissible testimony of a witness was insufficient to raise the question of the impropriety of reading previous testimony of such witness, who had appeared in person at the second trial.

Appeal from trial term, New York county.

Action by Katherine Kay against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
George H. Hart, for respondent.

HATCH, J. This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in the management and operation of its cars. On the 28th day of January, 1895, the plaintiff was a passenger on one of the defendant's cars, operated on its road on Amsterdam avenue, in the city of New York. At 116th street a steep hill commences, extending to 126th street, the grade of which is very heavy, the

fall from 117th street being 118 feet, and on the steepest part, be-tween 119th and 124th streets, there is a fall of 65½ feet in four blocks. The plaintiff boarded the car at about 11 o'clock in the evening between Sixty-Second and Sixty-Third Streets. The night was snowy and cold. For some cause the car ran down this hill with great rapidity, and collided with another car at the foot, in-flicting injuries upon the plaintiff, for which she seeks in this ac-tion a recovery of damages.

No serious contention is made but that the evidence upon the part of the plaintiff made out a prima facie case of negligence against the defendant, which it was called upon to answer. It is the claim of the defendant, however, that, after it had given its proof explaining the cause of the accident, and its management of the car, it then clearly appeared that no basis was left upon which to predicate negligence, and the court should have directed a ver-dict in its favor. We are unable to agree with this contention. It would serve no useful purpose to discuss in detail the evidence which authorized the court to submit, and the jury to find, the negligence of the defendant. There was testimony tending to establish that the driver made little or no effort to stop the car when descending the hill. The whole surrounding circumstances, the character of the rails, the condition of the weather, and the danger in operating the car down the hill were all given, and from it we think that the jury were authorized to find a lack of care in the management of the car by the servants of the defendant, and might also have found that it was negligence to attempt the operation of the car down the hill until the rails were so protected or sanded as to prevent the sliding of the car. We think, in this respect, without further dis-cussion, that the evidence was sufficient to sustain the verdict of the jury.

The only other question in the case requiring attention relates to the testimony of Mrs. Schenck, given in rebuttal of the testimony of the defendant. It appears that the parties had entered into a stipulation' that testimony given upon a former trial might be read from the stenographer's minutes. The minutes had been lost, but both parties upon this trial had read from the record upon the for-mer appeal by virtue of the provisions of this stipulation. The parties themselves, therefore, evidently treated the stipulation as applying to the record as well as to the stenographer's minutes, and, if Mrs. Schenck had not been called as a witness upon the pres-ent trial, it is clear that no error would have been committed in reading this testimony, in view of the practical interpretation given by the parties to the stipulation. It is urged, however, that the stipulation did not apply to a witness who was present, or whose presence could be obtained. At the time the testimony was read, Mrs. Schenck was not present, although she had been, and was sworn as a witness upon the trial. The evidence sought to be read was in rebuttal, and at the close of the trial. When the reading began, the defendant objected, upon the grounds that it was not rebuttal, and that Mrs. Schenck had fully testified upon the subject. The court ruled that the plaintiff might read such testimony as was

strictly in rebuttal, to which the defendant excepted. It is not urged upon this appeal that such testimony was not in rebuttal of the evidence given by the plaintiff. The claim here is that there was no authority to read her testimony at all, either contained in the stipulation or otherwise. It is a complete answer, however, to the claim to say that no such objection was taken at the trial. Such point was not even suggested, nor was the party or the court apprised of any objection based upon such ground. The testimony was inherently admissible, and, if the objection now urged had been taken, the plaintiff might have waived the question entirely, or procured the presence of Mrs. Schenck. It is well settled that testimony which is not essentially incompetent, and to which the grounds of objection might have been obviated if they had been specifically stated, is properly received, and a party cannot question such ruling for the first time upon appeal. Under such circumstances no error is committed in receiving the testimony. People v. Murphy, 135 N. Y. 450, 32 N. E. 138. The rule finds precise application to the facts of this case, and is controlling of the subject.

It follows that the judgment and order should be affirmed, with costs. All concur.